# COOS,

## JULY TERM, A. D. 1848.

---

## PARKER *v.* TIRRELL.

The statute exempting from attachment and execution one hog and the pork of the same when slaughtered, does not protect from such process a hog in addition to the pork of a slaughtered hog.

TRESPASS, for taking and driving away the plaintiff's hog. The defendant pleaded the general issue, and a special plea that one John Holmes recovered a judgment before a justice of the peace having jurisdiction of the cause, for three dollars and twenty cents debt, and two dollars and twenty-five cents costs of suit, upon which execution was regularly issued, and placed in the hands of the defendant, a deputy sheriff, who by virtue thereof seized and sold the hog in due form of law, and made return of the writ with his doings.

The plaintiff, in his replication, states that at the time of the seizing, &c., in the plea described, " the said hog was his only hog."

To which the defendant rejoins that at the time, &c., " the plaintiff was possessed of and the owner of the pork of one other slaughtered hog," &c.

To this there was a demurrer and joinder.

*Flint & Burns*, for the plaintiff.

---
Parker *v.* Tirrell.
---

*Fletcher & Heywood,* for the defendant.

WOODS, J. The decision of this case depends merely upon the construction of a clause in the Revised Statutes, ch. 181, § 2, which enumerates among the articles of personal property exempt from attachment and execution, " one hog and one pig, and the pork of the same when slaughtered."

We think the meaning of the statute is to exempt one hog from attachment, and that that exemption follows the chattel when converted into pork ; but that it does not extend to protect another hog while the first remains, either alive or butchered, in the hands of the debtor. The consequences of a different construction of the statute might be something very foreign from what the Legislature contemplated, in exempting from process an amount of property sufficient merely for the debtor's immediate wants. The only question decided here is, the one which is raised by the pleadings, and we do not go into any inquiry whether any or how large a fragment of the protected pork remaining with the debtor, will prevent the protection of the statute from attaching to a new acquisition.

*Demurrer overruled.*